*J. E. Stewart, for appellant.*

---

## BOONE *v.* KENTUCKY & INDIANA BRIDGE CO.

[Abstract Kentucky Law Reporter, Vol. 7—667.]

**Power of Kentucky and Indiana Bridge Co. to Condemn Real Estate to Connect Railroad with Its Bridge.**
The Kentucky and Indiana Bridge Co. under its charter has no power to appropriate land to be used in building a railroad to connect its bridge with other railroads. Such appropriation by condemnation can only be had by a railroad company; and under the general act of 1882, it follows that the Louisville Chancery Court has no jurisdiction of the petition filed by the Bridge Company.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 6, 1886.

OPINION BY JUDGE PRYOR:

The question raised in this case involves the right of the Kentucky and Indiana Bridge Co. to condemn the real estate of the appellant for its own use in constructing a railway from its bridge to connect with the Short Route R. Transfer Co. The right to make such a condemnation is claimed to be derived from the orig-

inal charter incorporating the company in the year 1880 and the several amendments thereto. It is not claimed that the property of the appellant was condemned under the general law applicable to railroad and turnpike companies approved April 11, 1882, but that the condemnation was made under the provisions of appellee's charter, and by those provisions it must be governed. The general law did not repeal that portion of appellee's charter, as there is nothing in the law indicating such a purpose, nor any provision of the charter so repugnant to the general law or the policy of the state on the subject as would authorize this court to say that there was a repeal by implication.

The principal question arises as to the jurisdiction of the court of common pleas over the subject-matter, and in determining that question we must ascertain the extent of the power conferred by this charter upon the appellee in making such a condemnation for railroad purposes. Under the original act of incorporation the appellee is authorized to condemn, by proceedings similar to an action ordinary, such land as should be necessary for its purposes, that is, for the erection and construction of its bridge and the approaches leading to the same. By the amendatory acts approved May 3, 1884, among other powers conferred the company is permitted to contract with or to construct any railway or terminal line either in Kentucky or in the state of Indiana where it may be necessary for completing its terminal facilities. It may construct such lines or line in the county of Jefferson, state of Kentucky, as may be necessary to complete the connection with other railways or depots. It is authorized to connect its line with the line of the Short Route R. Transfer Co., and for that purpose may cross other railway or bridge lines, passing either under or above the same where it may cross such line or lines. In case the expenses or damages accruing on account of such crossing could not be agreed upon, the same may be condemned as ground is condemned by the charter of this company. The charter provides that the company when condemning land within the county of Jefferson shall file a petition in the Louisville Chancery Court or Jefferson Court of Common Pleas, and such proceedings shall be carried on, as well as may be, as action at law, by ordinary proceedings.

The sole purpose of the original charter was the construction of bridges over which railroad cars, street cars, wagons and all ve-

hicles with footways for passengers, etc., might pass and not to construct a railroad. But by the amended charter of May, 1884, it may lay down railroad tracks leading from its bridge to any point in Jefferson county, that when constructed can not well be termed approaches to the bridge. The present property condemned is essentially for the use of a railway connecting this bridge with some other railway, and must be condemned under the general law applicable to such cases passed in 1882. The property condemned is one mile or more from the end of the bridge; and while cases might arise in which a way or track that distance or greater from the main structure might be regarded as an approach to the bridge, where lines of railway are authorized to be constructed for any distance from the structure, in this instance to any point in the county of Jefferson and perhaps to any other point connecting the railway of the bridge company with some other railway, such lines can scarcely be termed a part of the bridge, but are in fact, when made, railways belonging to the bridge company, and by the terms of the amended charter the company is authorized to construct them. We find no provision in the amended charter authorizing the condemnation of the right of way except where the railway of the bridge company crosses the line of some other railway or corporation; then the damages may be assessed as provided in the original charter.

It is important in the condemnation of real estate for corporate purposes that there should be some uniform system; and while different modes may be prescribed in granting a particular charter from that prescribed by the general law, still when the charter provision is to be followed its terms or mode of condemnation should be strictly adhered to; and in looking to the charter of this company, in the exercise of a power given it to construct a line of railway for its benefit, there is no power given to condemn private property for such a purpose, and therefore the general law must be resorted to where property is sought to be condemned. Besides, the proceedings in cases of condemnation are to be carried on, as near as may be, as actions at law, and the Chancery Court of Louisville or the Jefferson Common Pleas Court is given the exclusive jurisdiction when the realty lies in Jefferson county. It is an action ordinary with the right of the litigants pertaining to that character of action—the right to appeal and supersede the

judgment as in ordinary cases, for the reason that such seems to have been the legislative intent. If the power to supersede was intended to be denied the owner, when requiring the proceedings to be carried on as actions at law, it is plain that it would have been so expressed in this provision of the charter; nor should this court deny the right when perfectly consistent with that character of proceeding. The general law gives the right to enter upon the land by the company on the payment of damages, but we find no such provision in the appellee's charter; and therefore the right to supersede exists even when applied to the condemnation of property for the structure itself. In that case, the court below was without jurisdiction because the company had no right under its charter to file its petition in either the chancery or common pleas court for the purpose of condemning the real estate of the private citizen for railway purposes. It is not necessary, therefore, to discuss the character of the special findings or the instructions, as the court below had no jurisdiction of the subject-matter. The judgment is *reversed* with directions to dismiss the proceedings.

*E. J. McDermoth, James S. Pirtle,* for appellant.

*E. F. Trabue, T. W. Bullitt,* for appellee.